IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELBERT INGRAM,<br><br>    Plaintiffs,<br><br>vs.<br><br>(1) HASHIB D. FARUQUE, M.D.,<br>(2) YAN FENG, M.D.,<br>(3) DAVID WOOD,<br>(4) DONNA DELISE,<br>(5) KYLE INHOFE,<br>(6) LT. MICHAEL STEVENSON,<br>(7) CAPTAIN TIM COLLINS, and<br>(8) THE DEPARTMENT OF<br>   VETERAN'S AFFAIRS;<br><br>    Defendants. | Case No. CIV-11-188-C<br><br>Jury Trial Demanded<br>Attorney's Lien Claimed |

## COMPLAINT

Plaintiff Delbert Ingram for his causes of action against Defendants Hashib D. Faruque, M.D., Yan Feng, M.D., David Wood, Donna DeLise, Kyle Inhofe, Lt. Michael Stevenson, Captain Tim Collins, and the Department of Veteran's Affairs alleges and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is founded upon the existence of a federal question under the Fourth and Fifth Amendments to the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material herein, Plaintiff Delbert Ingram was a citizen of the

United States of America and resident of Oklahoma City, Oklahoma.

4. At all times material herein, Defendant Hashib D. Faruque was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

5. At all times material herein, Defendant Hashib D. Faruque was acting in his capacity as an agent, servant, and employee of Defendant Department of Veteran's Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

6. At all times material herein, Defendant Hashib D. Faruque was employed by Defendant Department of Veteran's Administration and was acting under color of law.

7. Defendant Hashib D. Faruque is sued in his individual capacity.

8. At all times material herein, Defendant Yan Feng was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

9. At all times material herein, Defendant Yan Feng was acting in her capacity as an agent, servant, and employee of Defendant Department of Veteran's Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

10. At all times material herein, Defendant Yan Feng was employed by

Defendant Department of Veteran's Administration and was acting under color of law.

11. Defendant Yan Feng is sued in her individual capacity.

12. At all times material herein, Defendant David Wood was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

13. At all times material herein, Defendant David Wood was acting in his capacity as an agent, servant, and employee of Defendant Department of Veteran's Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

14. At all times material herein, Defendant David Wood was employed by Defendant Department of Veteran's Administration and was acting under color of law.

15. Defendant David Wood is responsible for the official policy and procedures, and for the customs, practices, and usages of the Oklahoma City Department of Veteran's Affairs.

16. Defendant David Wood is sued in his individual and official capacities.

17. At all times material herein, Defendant Donna DeLise was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

18. At all times material herein, Defendant Donna DeLise was acting in her capacity as an agent, servant, and employee of Defendant Department of Veteran's

Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

19. At all times material herein, Defendant Donna DeLise was employed by Defendant Department of Veteran's Administration and was acting under color of law.

20. Defendant Donna DeLise is sued in her individual capacity.

21. At all times material herein, Defendant Kyle Inhofe was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

22. At all times material herein, Defendant Kyle Inhofe was acting in his capacity as an agent, servant, and employee of Defendant Department of Veteran's Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

23. At all times material herein, Defendant Kyle Inhofe was employed by Defendant Department of Veteran's Administration and was acting under color of law.

24. Defendant Kyle Inhofe is sued in his individual capacity.

25. At all times material herein, Defendant Lt. Michael Stevenson was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

26. At all times material herein, Defendant Lt. Michael Stevenson was acting in his capacity as an agent, servant, and employee of Defendant Department of Veteran's Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

27. At all times material herein, Defendant Lt. Michael Stevenson was employed by Defendant Department of Veteran's Administration and was acting under color of law.

28. Defendant Lt. Michael Stevenson is sued in his individual capacity.

29. At all times material herein, Defendant Captain Tim Collins was a citizen of the United States of America and resident of Oklahoma County, State of Oklahoma.

30. At all times material herein, Defendant Captain Tim Collins was acting in his capacity as an agent, servant, and employee of Defendant Department of Veteran's Affairs, and was acting under the direction and control of Defendant Department of Veteran's Affairs, and was acting pursuant to either official policy or the custom, practice, and usage of the Defendant Department of Veteran's Affairs.

31. At all times material herein, Defendant Captain Tim Collins was employed by Defendant Department of Veteran's Administration and was acting under color of law.

32. Defendant Captain Tim Collins is sued in his individual capacity.

33  Defendant Department of Veteran's Affairs is a federal government agency with a business location in Oklahoma City, Oklahoma. Defendant Department of Veteran's Affairs acted through its agents, servants, and employees, who was or were the policymakers for Defendant and for the conduct of the individuals employed by said Department and through the individual Defendants.

## GENERAL FACTUAL ALLEGATIONS

34.  On February 24, 2009, Plaintiff, an employee of the Oklahoma City Department of Veteran's Affairs and a military veteran, was approached by Defendants DeLise and Inhofe about problems he had been having at work.

35.  Based on a plan formulated in a meeting held earlier that day with Defendants Captain Collins, Lt. Stevenson, DeLise, and Inhofe, Defendants DeLise and Inhofe escorted Plaintiff to the Oklahoma City Department of Veteran's Affairs Emergency Room where they placed him in a padded, isolation room.

36.  Once inside the padded, isolation room, Defendant Faruque entered and told Plaintiff there had been a report that Plaintiff had threatened to kill his supervisor.

37.  Plaintiff vehemently denied this report.

38.  Even though Defendant Faruque found that Plaintiff's thought content had no suicidal, violent or paranoid ideations, Defendant Faruque informed Plaintiff "in order to save my job and clear your name, I am going to have to commit you to the psychiatric ward on the 8th floor." Defendant Faruque went on and stated "[a]s

6

of this moment you have no say in this matter, you have no rights. You are either going voluntarily or by force." Defendant Faruque then left the padded, isolation room.

39. Defendant Lt. Stevenson and another officer with the Oklahoma City Department of Veteran's Affairs Police arrived. Defendant Lt. Stevenson, with his hand on his firearm, informed Plaintiff that although he was not under arrest, he was also not free to leave the padded, isolation cell. At this time, Defendant Lt. Stevenson shut and locked the door to the padded, isolation cell.

40. Ultimately, after being told by Defendant Feng that if he did not agree to being admitted to the psychiatric ward, she would go to a judge and have him admitted indefinitely, Plaintiff signed the consent for admission form against his will.

41. Plaintiff repeatedly requested to leave and be allowed to return home to his family. However, based on the orders of Defendants and the intentionally false information provided by them, Plaintiff was held in the psychiatric ward for over 24 hours against his will.

42. At no time did any medical professional find evidence that Plaintiff was a danger to himself or anyone else.

43. Plaintiff was finally released during the evening of February 25, 2009 after spending more than 24 hours in psychiatric ward against his will.

## **FIRST CAUSE OF ACTION**

### **Violation of Delbert Ingram's Constitutional Rights**

44. Plaintiff reasserts and incorporates by reference all of the allegations set out above.

45. Plaintiff Delbert Ingram was wrongfully and unlawfully detained and held in the psychiatric ward as a result of the actions of Defendant Furuque, Defendant Feng, Defendant Wood, Defendant DeLise, Defendant Inhofe, Defendant Lt. Stevenson, and Defendant Captain Collins, who were acting within the course and scope of their employment with Defendant Department of Veteran's Affairs.

46. Defendants conducted an objectively unreasonable and insufficient investigation to determine whether there was a sufficient basis for holding Plaintiff against his will in the psychiatric ward at the Oklahoma City V.A. Hospital.

47. Based upon the actions, assertions, and statements of Defendants, Plaintiff was coerced into signing the consent for admission form against his will.

48. The conduct of Defendants resulted in Plaintiff Delbert Ingram being falsely, maliciously, and unlawfully detained and held in the psychiatric ward, and as such Plaintiff Delbert Ingram was deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of the laws, and to due process of law, in violation of the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

### Violation of Delbert Ingram's Constitutional Rights by Defendant Department of Veteran's Affairs

49.   Plaintiff reasserts and incorporates by reference all of the allegations set out above.

50.   Defendant Department of Veteran's Affairs had an official policy, procedure, and/or custom of detaining employees and/or veterans in the psychiatric ward.

51.   Defendant Department of Veteran's Affairs failed to properly train its employees regarding the detention of employees and/or veterans against their will in the psychiatric ward.

52.   As a result of Defendant Department of Veteran's Affairs unconstitutional policies, procedures, and/or customs and its failure to train its employees, Plaintiff Delbert Ingram was wrongfully and unlawfully detained and held against his will in the psychiatric ward by Defendants, who were acting within the course and scope of their employment with the Defendant Department of Veteran's Affairs.

53.   Defendant Department of Veteran's Affairs' policies, procedures, customs, and/or failure to train its employees caused Plaintiff Delbert Ingram's Constitutional rights under the Fourth and Fifth Amendments to be violated.

### THIRD CAUSE OF ACTION

### Violation of Delbert Ingram's Constitutional Rights by Defendant David Wood

54.     Plaintiff reasserts and incorporates by reference all of the allegations set out above.

55.     Defendant David Wood implemented, adopted, or allowed to continue in operation official policies, procedures, and/or customs of detaining employees and/or veterans in the psychiatric ward.

56.     Defendant David Wood failed to properly train his employees regarding the detention of employees and/or veterans against their will in the psychiatric ward.

57.     As a result of Defendant David Wood's unconstitutional policies, procedures, and/or customs and his failure to train his employees, Delbert Ingram was wrongfully and unlawfully detained and held in the psychiatric ward against his will by Defendants, who were acting within the course and scope of their employment with the Defendant Department of Veteran's Affairs.

58.     Defendant David Wood's policies, procedures, customs, and/or failure to train his employees caused Plaintiff Delbert Ingram's Constitutional rights under the Fourth and Fifth Amendments to be violated.

### FOURTH CAUSE OF ACTION

### Punitive Damages

59.     Plaintiff reasserts and incorporates by reference all of the allegations

set out above.

60. Defendants Furuque, Feng, Wood, DeLise, Inhofe, Lt. Stevenson, and Captain Collins' actions were willful, wanton, intentional, and with reckless disregard for the rights of the Plaintiff.

61. As a result of Defendants' willful, wanton, and intentional actions Plaintiff is entitled to recover punitive damages against these Defendants.

**WHEREFORE,** Plaintiff demands judgment against the defendants, and each of them, in an amount in excess of TWO MILLION and 00/100 Dollars ($2,000,000.00) as to each cause of action, attorney's fees, costs, statutory interest until the date judgment is paid, punitive damages, and for such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

s/ Eric D. Cotton
Eric D. Cotton, OBA #20658
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, Oklahoma 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail Address for service:
eric@czwglaw.com

Attorney for Plaintiff

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED