IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELBERT INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-188-C |
| | ) | |
| HASHIB D. FARUQUE, M.D., | ) | |
| YAN FENG, M.D., | ) | |
| DAVID WOOD, | ) | |
| DONNA DELISE, | ) | |
| KYLE INHOFE, | ) | |
| LT. MICHAEL STEVENSON, | ) | |
| CAPTAIN TIM COLLINS, and | ) | |
| THE DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action against Defendants Collins, Stevenson, DeLise, Inhofe, Faruque, Feng, Wood, and The Department of Veterans Affairs, alleging he was deprived of his right to be free from the unreasonable and unlawful seizure of his person and to due process of law in violation of the Fourth and Fifth Amendments to the United States Constitution.

On February 24, 2009, Defendants DeLise and Inhofe approached Plaintiff about problems he had been having at work. Earlier that day, Defendants Collins, Stevenson, DeLise, and Inhofe had had a meeting to set forth a plan for dealing with Plaintiff. Upon meeting Plaintiff, Defendants DeLise and Inhofe escorted Plaintiff to the Oklahoma City Department of Veterans Affairs Emergency Room where they placed him in a padded

isolation room. Once inside that room, Defendant Faruque entered and told Plaintiff there had been a report that Plaintiff had threatened to kill a supervisor. Plaintiff denied that report. Defendant Faruque then determined that it was necessary to commit Plaintiff to the psychiatric ward of the medical facility. Defendant Stevenson and another officer of the Oklahoma City Department of Veterans Affairs Police Department arrived and told Plaintiff that he was not free to leave the cell. At that time, Defendant Stevenson shut and locked the door to the isolation cell. Defendant Feng then approached Plaintiff and indicated that if he did not agree to being admitted to the psychiatric ward that Defendant Feng would go to a judge and have him admitted indefinitely. Plaintiff then signed a consent for admission to the medical facility. Plaintiff asserts that he repeatedly requested to leave and be allowed to return home to his family; however, based on the orders of the Defendants and the false information provided by them, Plaintiff was held in the psychiatric ward for over 24 hours against his will. Plaintiff was finally released during the evening of February 25, 2009, after spending more than 24 hours in the psychiatric ward.

Plaintiff has voluntarily dismissed Defendants Wood and the Veterans Administration without prejudice. Defendants Faruque and Feng have filed a motion to dismiss setting forth alternative arguments which they assert indicate that either the Court lacks subject matter jurisdiction over Plaintiff's claims, that Plaintiff has failed to state a claim for relief, or that qualified immunity bars suit against them.

Defendants Inhofe and DeLise have also filed a motion to dismiss also asserting that the Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim for relief.

Finally, Defendants Collins and Stevenson also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), asserting that the Court lacks subject matter jurisdiction over the Complaint and/or that Plaintiff has failed to state a claim for relief.

Plaintiff objects to Defendants' requests for dismissal and argues that the Court has subject matter jurisdiction, that he has stated a claim, and that Defendants are not entitled to qualified immunity.  In particular, Plaintiff argues that the issue of whether or not a remedy under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), exists is not a question of subject matter jurisdiction.  While Plaintiff is correct on that point, see Smith v. United States, 561 F.3d 1090, 1100 n.10 (10th Cir. 2009), cert. denied, ___ U.S. ___. 130 S.Ct. 1142 (2010), that argument misses the point.  If Plaintiff's sole remedy exists only through the Federal Tort Claims Act, then unless Plaintiff has complied with the terms of that Act, the Court lacks subject matter jurisdiction over his claims.  Hart v. Dep't of Labor ex rel. United States, 116 F.3d 1338, 1339 (10th Cir. 1997)

The Court will first assure itself it has jurisdiction to consider Plaintiff's claims. Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may take two forms.  "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).  A court reviewing a facial attack pursuant to Rule

12(b)(1) "accept[s] the complaint's factual allegations as true and asks whether the complaint, standing alone, is legally sufficient to state a claim for relief." Wyo. v. United States, 279 F.3d 1217, 1222 (10th Cir. 2002).

The second challenge, for lack of subject matter jurisdiction, is a factual attack. "A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." Muscogee, 611 F.3d at 1227 n.1 (citing Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001)).

Plaintiff argues that Defendants' challenges to the Court's jurisdiction amount to a factual attack and therefore the motion must be treated as one brought pursuant to Rule 12(b)(6). However, that argument ignores the nature of the challenge. While Defendants have most certainly argued facts in support of their motions, those facts go to determining what law applies to Plaintiff's claims, not the merits of those claims. Consequently, the challenge is properly considered a facial challenge and the Court may consider the materials appended to the parties' briefs without converting the motion to one brought pursuant to Rule 56.

The Supreme Court has indicated that Bivens should be used only where other options for recovery do not exist. Specifically, the Court held that a Bivens remedy should be inferred if (1) there is no alternative existing process for protecting a constitutional interest, and (2) if there are no special factors counseling hesitation against a judicially created remedy. Wilkie v. Robbins, 551 U.S. 537, 550 (2007). Defendants argue that there are other

means of recovery and therefore the extraordinary remedy of a <u>Bivens</u> action should not be pursued.

Defendants assert that Congress has expressly precluded a damages remedy against Defendants by declaring that the sole remedy for such claims is that provided by the Federal Tort Claims Act. Defendants direct the Court's attention to 38 U.S.C. § 7316 arguing that statute provides the sole remedy for claims against VA personnel arising from medical treatment. Plaintiff argues that the statute is inapplicable to a Fourth and Fifth Amendment claim as it applies only for personal injury or wrongful death actions arising from malpractice or negligence of a healthcare employee. According to Plaintiff, because his allegations do not rest on that type of claim, § 7316 is inapplicable. The question then becomes: Did the actions of Feng and Faruque, who are physicians employed by the Veterans Administration, constitute medical care and treatment, or was it some other type of action?

Even under the facts as alleged by Plaintiff, the Court finds that the actions of Faruque and/or Feng were actions relevant to the provision of medical care. Regardless of how Plaintiff seeks to cloak the actions of these Defendants, it is clear from the allegations of Plaintiff's Complaint that each action was undertaken based on decisions and information pertinent to Defendants as a result of their specialized education and training in the field of medicine/psychology. Indeed, but for the fact that Defendants Feng and Faruque were employed as physicians by the Veterans Administration, they would have had no contact with Plaintiff. It is also clear that their contact with Plaintiff arose as a result of the need for an evaluation by a medical professional. Further, given the limited liability which the United

States enjoys as a sovereign, it is necessary that the Court construe any waiver of that immunity carefully.  Arvayo v. United States, 766 F.2d 1416, 1419 (10th Cir. 1985)

In accord with the Court's decision in this matter, was the determination of the Court of Appeals for the District of Columbia in Johnson v. United States, 547 F.2d 688 (D.C. Cir. 1976).  There, under similar factual circumstances, the plaintiff was detained for which he ultimately sued, alleging wrongful, malicious, and wanton arrest and imprisonment against his will.  The District of Columbia court determined that the plaintiff's sole remedy lay in the Federal Tort Claims Act.

Accordingly, this Court finds that Plaintiff has failed to state a claim for relief as to Defendant Faruque and Feng and they are entitled to dismissal.  However, because Plaintiff may be able to amend his Complaint to state a claim for relief within the scope of the provisions of the Federal Tort Claims Act, and because it hinges on a lack of subject matter jurisdiction, that dismissal will be without prejudice.  Further, because the circumstances under which Plaintiff would sue these Defendants may alter, it is imprudent to consider Defendants' qualified immunity claims at this time.

Defendants Collins and Stevenson argue that they are entitled to dismissal under the same statute, as they fall within the definition of supporting personnel, as set forth in § 7316. According to these Defendants, they interacted with Plaintiff only at the specific instruction of the medical personnel providing medical care to Plaintiff, and as a result their role in the proceeding must be considered to be that of supporting personnel.

Plaintiff does not challenge these Defendants' categorization of themselves as support personnel. Further, the statute, § 7316, does not provide a definition of who constitutes support personnel. However, as noted above, § 7316 operates as a waiver of the United States' sovereign immunity. As a result, the provisions of the statute must be construed in a manner to narrowly expand the liability of the United States. In consideration of the language of § 7316 and the allegations of Plaintiff's Complaint as it sets forth the actions of Defendants Stevenson and Collins, the Court finds that these individuals were acting as support personnel to the medical providers within the context of their interaction with Plaintiff. But for the perceived need to provide medical care to Plaintiff in the form of psychiatric care, neither Defendants Stevenson nor Collins would have had any contact with Plaintiff. Therefore, it can be fairly said that these Defendants were acting in support of the medical decisionmakers. As a result, their liability to Plaintiff is limited by the provisions of the Federal Tort Claims Act and a <u>Bivens</u> action would be improper. For these reasons, the Plaintiff's claims against Defendants Stevenson and Collins will be dismissed without prejudice.

The same holds true for Defendants DeLise and Inhofe. As these Defendants note, their interaction with Plaintiff arose specifically at the direction of Veterans Administration employee health physician Dr. Bukhari. At Dr. Bukhari's recommendation, Defendants DeLise and Inhofe escorted Plaintiff to the emergency room for the psychiatric evaluation. As a result, their interaction with Plaintiff arose solely within the scope of supporting personnel, as defined by § 7316. Again, Plaintiff does not challenge Defendants' arguments

in this regard, and the Court finds them well founded. As noted above in regard to Defendants Stevenson and Collins, Defendants DeLise's and Inhofe's interaction with Plaintiff arose solely at the behest of or in support of the medical personnel who were evaluating Plaintiff's condition. As a result, the actions of Defendants DeLise and Inhofe are within the scope of § 7316 and that statute is Plaintiff's sole remedy. Accordingly, Defendants DeLise and Inhofe will be dismissed without prejudice.

For the reasons set forth herein, the Court finds it lacks subject matter jurisdiction over the claims as brought by Plaintiff. Accordingly, the Motion to Dismiss by Defendants Tim Collins and Michael Stevenson (Dkt. No. 29), the Motion to Dismiss by Defendants Kyle Inhofe and Donna DeLise (Dkt. No. 30), and the Motion to Dismiss of Defendants Hashib D. Faruque and Yan Feng (Dkt. No. 31) are granted and this matter is dismissed without prejudice.

IT IS SO ORDERED this 27th day of October, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge